IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RHONDA TARZINA NODD, | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO. 12-0546-WS-C |
| UNITED STATES OF AMERICA, | : CRIMINAL ACTION NO. 10-0188-WS |
| Respondent. | |

**REPORT AND RECOMMENDATION**

Petitioner, Rhonda Tarzina Nodd, has filed a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 386). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Following consideration of all relevant pleadings in this case, it is recommended that Nodd's § 2255 motion be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f).

**FACTUAL BACKGROUND**

On October 18, 2010, Nodd entered a counseled guilty plea to Count 3 of the indictment, charging the offense of using a communication facility—to wit, a cellular telephone number—in a drug crime in violation of 21 U.S.C. § 843(b). (Doc. 180.) Nodd was sentenced, on March 16, 2011, to 46 months imprisonment. (*Compare* Doc. 302, at 1 *with* Docket Sheet Entry for March 16, 2011.) Final judgment was entered on March 23, 2011 committing Nodd to the custody of the United States Bureau of Prisons for a term of 46 months as to Count 3 of the indictment. (Doc. 302.) That judgment was corrected

by order entered on the docket on April 6, 2011 to show that Nodd was required to forfeit her interest in certain property. (Doc. 306.)

Nodd did not directly appeal her conviction or sentence (*see* Doc. 304 (notice of non-appeal signed by Nodd and her attorney and filed with the court on March 16, 2011)) and, therefore, her conviction became final on April 20, 2011, fourteen days after her corrected judgment was entered on the criminal docket. *Compare Ramirez, infra with* Fed.R.App.P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed[.]").[1]

Nodd filed the instant motion to vacate, pursuant to 28 U.S.C. § 2255, on August 14, 2012. (*See* Doc. 386, at 13 (Nodd's verification that she was placing her motion in the prison mail system on August 14, 2012).)[2] The sole ground stated in the motion to vacate is the following: "Defendant was not a felon and therefore not guilty of being a felon in possession of a firearm." (Doc. 386, at 4.) In explaining why she did not raise the foregoing issue on direct appeal, Nodd avers the following: "The *Simmons* case was not decided until August of 2011. With the *Simmons* decision, the law was changed so that the defendant was no longer a felon under federal law. The opportunity to address

---

[1] On October 17, 2011, petitioner sought retroactive application of the sentencing guidelines to a crack cocaine offense, pursuant to 18 U.S.C. § 3582. (*See* Doc. 358.) Less than one month later, on November 10, 2011, Nodd's motion was denied. (Doc. 367.)

[2] A *pro se* prisoner's pleading is deemed filed at the time it is delivered to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270-272 & 276, 108 S.Ct. 2379, 2382-2383 & 2385, 101 L.Ed.2d 245 (1988); *see also Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir.) (deeming filing to take place when document is delivered to prison authorities for mailing), *cert. denied*, ___ U.S. ___, 129 S.Ct. 2747, 174 L.Ed.2d 249 (2009); *see Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, courts are to assume that a *pro se* 2255 motion is delivered to prison authorities for mailing on the date it is signed).

this issue only came into existence as a result of the *Simmons* decision." (Doc. 386, at 5 (emphasis supplied).) Finally, with respect to the one-year statute of limitations period, Nodd makes the following argument with respect to why her motion should be deemed timely:

> It is timely under the provision of law that starts the clock running again when there is a change in the law that affects the calculation of the defendant's original sentence.
>
> *U.S. v. Simmons* was decided in August of 2011. There is a provision of law that interprets the starting of the clock for [a] 2255 motion at the time when there is a change in the law that essentially creates a basis for relief that did not exist under prior law. This is the situation that the current case presents and accordingly the defendant's motion is timely filed.

(*Id*. at 12 (emphasis supplied).)

## **CONCLUSIONS OF LAW**

Rule 4 of the Rules Governing Section 2255 cases provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b). It is clearly appropriate for a district court to summarily dismiss time-barred motions to vacate prior to any answer or other pleading by the United States. *See, e.g., United States v. Johnson*, 2012 WL 3070972, *1 (M.D. Fla. July 26, 2012); *Jones v. United States*, 2012 WL 3704759, *1 (N.D. Ga. July 18, 2012), *report and recommendation adopted,* 2012 WL 3704837 (N.D. Ga. Aug. 27, 2012).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal

3

prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied,* 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the typical case, petitioners make no arguments in favor of application of subsections (2), (3), and (4) of § 2255(f), such that the timeliness of a motion to vacate, set aside or correct a sentence becomes relatively easy to calculate under § 2255(f)(1) based upon the date on which a petitioner's judgment of conviction becomes final. As Nodd implicitly recognizes in her motion to vacate (*see* Doc. 386, at 12), if relegated to § 2255(f)(1), her motion would be deemed untimely since her judgment of conviction became final on April 20, 2011, *see Ramirez v. United States,* 146 Fed.Appx. 325, 2005 WL 1706142, *1 (11th Cir. July 22, 2005) ("In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. . . . For federal prisoners, the time for filing a direct appeal expires [fourteen] days after the written judgment of conviction

is entered on the criminal docket."), *cert. denied,* 546 U.S. 1025, 126 S.Ct. 674, 163 L.Ed.2d 543 (2005), and she did not file the instant petition until August 14, 2012, almost four (4) months too later. In recognition of her inability to establish timeliness in accordance with § 2255(f)(1), Nodd argues instead that her § 2255 motion is timely under the "provision of law that interprets the starting of the clock for [a] 2255 motion at the time when there is a change in the law that essentially creates a basis for relief that did not exist under prior law." (Doc. 386, at 12.) Comparing petitioner's position to the provisions of § 2255(f), the only subsection that position arguably falls within is subsection (3) which provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3).[3]  In other words, recognizing the limitations bar and citing *United States v. Simmons*, 649 F.3d 237 (4th Cir. Aug. 17, 2011) (en banc) (*see* Doc. 386, at 12), Nodd argues for a delayed start of the one-year limitations period. Her argument lacks any merit whatsoever and, therefore, it is proper for this Court to summarily dismiss her motion to vacate as time-barred under § 2255(f)(1).

What the Fourth Circuit did in *Simmons, supra,* was extend the Supreme Court's analysis under the Immigration and Nationality Act, as set forth in *Carachuri-Rosendo v.*

---

[3] To the extent Nodd means to suggest that the *Simmons* decision constitutes a "fact" under § 2255(f)(4), that specific argument has been rejected by the Northern District of Georgia in *Jones, supra,* at *2. The undersigned agrees with the analysis contained in *Jones* and finds that the *Simmons* decision "does not constitute a 'fact' under that statutory provision." *Id.; see also id.* ("'[A] court ruling in a case unrelated to the movant's case . . . cannot qualify as a newly discoverable fact under § 2255(f)(4).'").

*Holder*, ___ U.S. ___, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010),[4] to criminal sentencing under the Controlled Substances Act. *Johnson, supra,* at *2; *compare id. with Simmons, supra,* 649 F.3d at 239 ("After Jason Simmons pled guilty to federal drug trafficking, the district court held that his prior state conviction for marijuana possession, for which he faced no possibility of imprisonment, was for an offense 'punishable by imprisonment for more than one year,' triggering a sentencing enhancement under the Controlled Substances Act. This enhancement doubled Simmons' minimum sentence. We affirmed in an unpublished opinion. The Supreme Court vacated that judgment and remanded the case to us for 'further consideration in light of *Carachuri-Rosendo v. Holder*,' . . . . A panel of this court then held that *Carachuri* did not require any change in our prior holding. We voted to rehear the case *en banc*, and for the reasons that follow, we now vacate Simmons's sentence and remand for further proceedings consistent with this opinion.") (some internal citations omitted)). As numerous district courts in the Eleventh Circuit have recently determined, "§ 2255(f)(3) does not apply here because *Simmons* is a decision by a federal circuit court, not the Supreme Court, and only a Supreme Court decision recognizing a new right can trigger application of § 2255(f)(3)." *Jones, supra,* at *2 (citations omitted); *see also Duval v. United States,* 2012 WL 1947054, *2 (M.D. Fla. May 30, 2012) ("Petitioner's effort to rely on a Fourth Circuit case for timeliness, *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), which was decided on August 17, 2011, is similarly ineffective, as the standard in 28 U.S.C. § 2255(f)(3) relates

---

[4] The Supreme Court held in *Carachuri-Rosendo* that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under § 1229b(a)(3) of a 'felony punishable' as such 'under the Controlled Substances Act,' 18 U.S.C. § 924(c)(2)." 130 S.Ct. at 2589.

to when a new right is recognized by a *Supreme Court* decision and made retroactively applicable on collateral review. *Simmons* is a Fourth Circuit case." (emphasis in original)); *see Howard v. United States*, 2012 WL 3715247, *2 (M.D. Fla. Aug. 28, 2012) ("To the extent that Petitioner argues that the one-year period should not begin to run until the date the Fourth Circuit issued its opinion in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) . . ., this argument is flawed. To begin with, this Court is not bound by the Fourth Circuit's decision, and as such, it has no relevance to the issue of whether the instant § 2255 motion is timely. Additionally, the underlying drug possession conviction in *Simmons* was based on a North Carolina sentencing structure that is unlike that of Florida."); *Johnson, supra,* at *2 ("*Simmons* is not binding outside of the Fourth Circuit and no other circuit has adopted *Simmons*. As a consequence, *Simmons* affords Johnson no benefit.").[5] In addition to *Simmons* affording Nodd no relief, the undersigned also finds the sole ground raised in Nodd's motion to vacate (*i.e.*, that she was not a felon and, therefore, she was not guilty of being a felon in possession of a

---

[5] Interestingly, Nodd makes no argument that her § 2255 motion should be considered timely because of a new rule announced by the Supreme Court in *Carachuri-Rosendo, supra.* Undoubtedly this is because courts in this circuit have consistently held motions to vacate untimely where they were not filed within one year of the decision issued in *Carachuri-Rosendo* on June 14, 2010, since the Supreme Court has never indicated that *Carachuri-Rosendo* applies retroactively to cases on collateral review. *See, e.g., Howard, supra,* at *2; *Johnson, supra,* at *2 ("Johnson cannot benefit from *Carachuri-Rosendo* because ' a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.' *Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). The Supreme Court has not said that *Carachuri-Rosendo* is retroactive."); *Duval, supra,* at *2 ("To the extent that Petitioner clarifies his argument that his petition should be considered timely because of a new rule announced by the Supreme Court in *Carachuri*[*-Rosendo*] . . ., his timeliness argument still fails. *Carachuri*[*-Rosendo*] was decided on June 14, 2010 and the one year statute of limitations period for § 2255 motions runs from 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review.' . . . Petitioner's § 2255 filing on February 8, 2012 was not made within one year of the Supreme Court decision in *Carachuri*[*-Rosendo*]. Nor does *Carachuri*[*-Rosendo*] apply retroactively.").

firearm) to be entirely specious since the charge to which she pled guilty was not that of a felon being in possession of a firearm but, instead, was her use of a communication facility in a drug crime.[6]

In light of the foregoing, § 2255(f)(1) applies in this case. Again, then, petitioner's one-year limitations period began on April 20, 2011 and expired one year later on April 20, 2012. Nodd's § 2255 motion to vacate, filed August 14, 2012 (Doc. 386, at 13), is untimely. A federal court can consider the merits of an untimely § 2255 motion only if the petitioner establishes that she is factually innocent of the crime for which she was convicted, *San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir. 2011) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied sub nom. San Martin v. Tucker,* ___ U.S. ___, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011), or if she establishes that the limitations period should be equitably tolled, *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("We have emphasized [] that equitable tolling applies only in truly extraordinary circumstances. . . . Appellant bears the burden of establishing that he is entitled to this extraordinary relief."), *aff'd,* 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005); *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002) ("The *petitioner* has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control

---

[6] The undersigned can only presume that what Nodd is really upset by is the fact that her offense level was enhanced by two levels for a co-defendant's possession of a firearm. (*See* Doc. 273 (addendum to presentence report).) Nothing about *Simmons,* or for that matter *Carachuri-Rosendo,* however, would suggest that such enhancement was improper. The reach of these cases does not go beyond the import of prior simple drug possession convictions on enhancing a current sentence or losing the opportunity to seek cancellation of removal under 8 U.S.C. § 1229b(a)(3).

and unavoidable even with diligence' prevented filing the petition on time." (emphasis in original)), *cert. denied*, 538 U.S. 947, 123 S.Ct. 1622, 155 L.Ed.2d 490 (2003). Nodd makes no argument that she is actually/factually innocent of the crime for which she was convicted nor does she make an argument for equitable tolling (*see* Doc. 386), and nothing in the record supports either exception. Accordingly, Nodd's motion to vacate is due to be summarily dismissed.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of her habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).  Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for failing to reach the merits of petitioner's claim, nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with respect to her claim.

*Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

10

## **CONCLUSION**

The Magistrate Judge recommends that the instant motion to vacate (Doc. 386) be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1). Petitioner is not entitled to a certificate of appealability and, therefore, she is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 6th day of September, 2012.

                               s/WILLIAM E. CASSADY
                               **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.  *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[7] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.
>
> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[7] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).